**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 6, 2011

Lyle W. Cayce
Clerk

No. 10-50018
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK EDWARD KEDROWSKI,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-291-8

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mark Edward Kedrowski appeals his jury convictions for conspiring to commit wire fraud and committing wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. He was sentenced to concurrent terms of three years of probation and ordered to pay $19,600 in restitution.

In his first issue, Kedrowski contends that the defendants were improperly joined under Rule 8(b) of the Federal Rules of Criminal Procedure because the indictment failed to allege a single conspiracy. The third superseding indictment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged a wire fraud scheme in which Althea Jackson stole tickets from Southwest Airlines, she and her husband James sold them to the defendants, the defendants either resold or used the tickets using fraudulent misrepresentations about how they had acquired the tickets, and Southwest was deprived of revenue from legitimate purchases to which it was entitled. Count nine charged the defendants with conspiring with each other to commit wire fraud and defraud Southwest. Counts one through eight charged each defendant with committing wire fraud and executing the scheme to defraud by making a reservation with a stolen ticket.

Kedrowski's argument that the defendants were misjoined is unavailing because the conspiracy count alleged a legally sufficient, single conspiracy. *See United States v. Wasson*, 568 F.2d 1214, 1221-22 (5th Cir. 1978); *cf. United States v. Levine*, 546 F.2d 658, 665-66 (5th Cir. 1977). Accordingly, the district court did not err in denying the severance motion on this basis.

Second, Kedrowski contends that severance was warranted under Rule 14(a) of the Federal Rules of Criminal Procedure because there was a substantial risk of juror confusion due to the similarity of his name, "Mark Kedrowski," to that of one of his codefendants, "Mark Gudanowski." The testimony cited by Kedrowski does not show that the attorneys or witnesses confused the defendants during trial. The few instances of confusion that occurred prior to trial fail to show that the risk of juror confusion was "unusually likely." *United States v. Bermea*, 30 F.3d 1539, 1574 (5th Cir. 1994).

Kedrowski also argues that the district court's instruction to the jury to consider each defendant separately was insufficient to prevent prejudice to him because the jury convicted him but acquitted Gudanowski. The evidence pertaining to Kedrowski and Gudanowski was easily separable, and the jury was entitled to credit or discredit the evidence for and against them. Therefore, the fact that the jury convicted Kedrowski but acquitted Gudanowski does not demonstrate that the jury was unable to make a reliable judgment as to their

No. 10-50018

respective guilt or innocence. *See United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008). Accordingly, Kedrowski has failed to show that the district court abused its discretion in denying the severance motion on this basis. *See United States v. Whitfield*, 590 F.3d 325, 356 (5th Cir. 2009), *cert. denied*, 2010 WL 2070226 (Oct. 04, 2010) (No. 09-1422), 2010 WL 2150905 (Oct. 04, 2010) (No. 09-11039), 2010 WL 2151025 (Oct. 04, 2010) (No. 09-11067).

In his third issue, Kedrowski contends that the evidence at trial established the existence of multiple conspiracies between each defendant and the Jacksons instead of a single conspiracy among all defendants as alleged in the indictment, thus establishing a material variance between the indictment and the proof at trial. We need not resolve whether there was a material variance because Kedrowski does not dispute that there was sufficient evidence he participated in at least one conspiracy with the Jacksons. "[W]here the indictment alleges a single conspiracy and the evidence established each defendant's participation in at least one conspiracy[,] a defendant's substantial rights are affected only if the defendant can establish reversible error under general principles of joinder and severance." *United States v. Mitchell*, 484 F.3d 762, 770-71 (5th Cir. 2007) (internal quotation marks and citations omitted); *Rodriguez*, 553 F.3d at 392, 394. The foregoing analysis shows there was no reversible error under Rules 8(b) and 14(a). Accordingly, Kedrowski cannot prevail on this claim. *See Rodriguez*, 553 F.3d at 394.

Last, Kedrowski contends the district court erroneously instructed the jury on deliberate ignorance. Because there was substantial evidence that Kedrowski actually knew the tickets were stolen or illegitimately obtained, any error in instructing the jury on deliberate ignorance was harmless. *See United States v. Wofford*, 560 F.3d 341, 354 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.